```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
KEVIN L. JEFFERSON,

                Plaintiff,
                                        MEMORANDUM AND ORDER
       -against-                        11-CV-3558 (JS)

ANDREA EVANS and ALEXANDER RIVKIN,

                Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:      Kevin L. Jefferson, pro se
                    08-R-2861
                    Groveland Correctional Facility
                    PO Box 50
                    Sonyea, NY 14556-0050

For Defendants:     No Appearance.
```

SEYBERT, District Judge:

Plaintiff, Kevin L. Jefferson filed a pro se prisoner's Complaint on July 22, 2011 and simultaneously requested an order to show cause, seeking a temporary restraining order and a preliminary injunction. By Order dated July 27, 2011, the Court denied Plaintiff's application for a preliminary injunction. Having reviewed Plaintiff's underlying Complaint, Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted, but Plaintiff's Complaint is sua sponte dismissed.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and states that on March 22, 2011, he was taken into custody by a Suffolk County police officer, who "advised plaintiff that he was wanted on an active parole warrant." (Pl. Aff., Docket Entry 1-1,

at 2.) Plaintiff argues that his constitutional rights have been violated because Administrative Law Judge Alexander Rivkin failed to adjourn his final parole revocation hearing which was scheduled to take place on July 13, 2011, at the Nassau County Jail. Plaintiff states

> defendant Rivkin has not only refused, outright, to either hear or consider plaintiff's procedural application to adjourn his final hearing, but said defendant has further declared (on the record of the proceedings) his intent to proceed with plaintiff's final hearing, even in spite of the fact that to do so will, as a matter of law, bar plaintiff from exercising his absolute right to petition the state courts for a writ of habeas corpus whereby he may test the grounds of his detention . . . .

(Compl. at 3.) Plaintiff's only claim against Andrea Evans, Chairwoman of New York State Division of Parole, is that she is "responsible for appointing hearing officers to preside over Final Revocation Hearings . . . ." (Compl. at 2.) Plaintiff seeks declaratory relief to "have a fair and impartial hearing officer preside over his final parole revocation hearing," and for an injunction stopping his final revocation hearing from going forward and "prohibiting defendant Rivkin from presiding over plaintiff's final parole revocation hearing." (Compl. at 7.)

## DISCUSSION

I.  Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as

practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint sua sponte if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). The Court construes Plaintiff's pro se pleadings liberally particularly because they allege civil rights violations. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

II. Application

Plaintiff's claims against Administrative Law Judge Alexander Rivkin are foreclosed as absolute immunity extends to administrative officials performing functions closely associated with the judicial process, including officials who preside over parole revocation hearings. See Montero v. Travis, 171 F.3d 757, 760-61 (2d Cir. 1990); Boddie v. N.Y. State Div. of Parole, No. 08-CV-0911, 2009 WL 1033786, at *6 (E.D.N.Y. Apr. 17, 2009); Moore v. Birmingham, No. 06-CV-128961, 2009 WL 413219, at *4 (S.D.N.Y. Feb.

3

13, 2009). Moreover, the Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) bars all claims for injunctive relief against a judicial officer for a judicial action or omission "unless a declaratory decree was violated or declaratory relief was unavailable." See also Rodriguez v. Trager, No. 10-CV-0781, 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010).

Plaintiff's claim against Andrea Evans, Chairwoman of New York State Division of Parole, also fails because Plaintiff does not allege that she was personally involved in the alleged deprivation of his civil rights. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991)). Thus, a plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). Liability under § 1983 cannot be generally imposed on a supervisor solely based on his position because there is no respondeat superior or vicarious liability under § 1983. In Ashcroft v. Iqbal, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to Bivens and 1983 suits, the plaintiff . . . must plead that each Government-official defendant, through the official's own

4

individual actions, has violated the Constitution." 556 U.S. 662, 129 S. Ct. 1938, 1940, 173 L. Ed. 2d 868 (2009). Here, Plaintiff fails to allege facts to support a claim that Defendant Andrea Evans' own actions violated Plaintiff's civil rights to make her liable under § 1983. As such, Plaintiff's claims against Defendant Evans are likewise dismissed.[1]

---

[1] The Court also takes judicial notice that it may lack subject matter jurisdiction over Plaintiff's claims as the matter raised may be moot. "In general, if an event occurs while [a matter] is pending that renders it impossible for the court to grant any form of effectual relief to [petitioner], the matter becomes moot and subject matter jurisdiction is lost." In re Flanagan, 503 F.3d 171, 178 (2d Cir. 2007) (citing Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 69 (2d Cir. 2001); Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)). Here, when Plaintiff filed his Complaint on July 22, 2011, he was awaiting his final revocation hearing, scheduled for July 13, 2011, while being held at the Nassau County Jail. By letter dated August 12, 2011, Plaintiff informed the Court that effective August 11, 2011, he was transferred to Downstate Correctional Facility (Docket Entry 8), and by letter dated September 22, 2011, Plaintiff updated his address again stating that he is currently incarcerated at Groveland Correctional Facility (Docket Entry 9). Thus, it appears to the Court that Plaintiff has already received his final parole revocation hearing, his parole was presumably revoked, and he was then transferred to a state facility. If so, the issue is now moot because the state court proceedings have concluded. See, e.g., United States v. Miller, 14 F.3d 761, 764 (2d Cir. 1994).

## CONCLUSION

Accordingly, Plaintiff's claims are dismissed. See 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:   October  27 , 2011
         Central Islip,  New York